IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DYLAN BLANKENSHIP, *et al.*,[1]       )
                                      )
      Plaintiffs,             )
                                      )
vs.                                   )   Case No. CIV-15-1057-D
                                      )
KWICK RENTALS, LLC and                )
K&L RENTALS, LLC,                     )
                                      )
      Defendants              )

## **ORDER**

Before the Court is Defendants Kwick Rentals, LLC and K&L Rentals, LLC's Motion to Dismiss [Doc. No. 37]. Defendants move for dismissal under Fed. R. Civ. P. 12(b)(6). Because they have previously answered the Complaint, however, the Motion is one for judgment on the pleadings under Fed. R. Civ. P. 12(c).[2] Plaintiffs have responded in opposition to the Motion, which is fully briefed.[3]

Plaintiffs bring suit against their joint employers to recover unpaid overtime wages allegedly due under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-19. Plaintiffs seek to pursue claims for themselves and other similarly situated employees in a collective FLSA action under § 216(b). Defendants move for a judgment of dismissal, asserting that

---

[1] Plaintiff Dylan Blankenship voluntarily dismissed his claims by filing a Notice of Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Although the case was transferred from another judicial district, it does not appear from the case record that a change in the caption has been ordered. Thus, the Court utilizes the caption of the Complaint [Doc. No. 1], which is the operative pleading.

[2] After the time for filing a Rule 12(b) motion has expired, the defense of failure to state a claim may be raised "by a motion under Rule 12(c)." *See* Fed. R. Civ. P. 12(h)(2).

[3] No reply brief was timely filed pursuant to LCvR7.1(i).

the allegations of the Complaint are conclusory and fail to state a plausible FLSA claim for nonpayment of overtime wages.

**Standard of Decision**

Motions under Rule 12(b)(6) and Rule 12(c) are governed by the same standard. *See Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In considering a Rule 12(c) motion, "[a]ll well-pleaded allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff." *See Aspenwood*, 355 F.3d at 1259. With limited exceptions, materials outside the complaint may not be considered. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997); *see also Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1144 (10th Cir. 2013).

**Plaintiffs' Allegations** [4]

Defendants are related limited liability companies that supply rental equipment to oilfield production areas in Oklahoma, Texas, and Kansas. The named plaintiffs are or were

---

[4] Pursuant to the standard of decision, the factual allegations of the Complaint are accepted as true, and factual matters outside the Complaint argued in Defendants' brief are disregarded.

salaried employees of Defendants who worked as "fuelers and delivery drivers." *See* Compl. [Doc. No. 1], ¶ 19. They were compensated according to Defendants' wage policy of paying each worker a combination of salary, per diem, and mileage, without overtime pay for hours worked in excess of 40 hours in a single workweek. Plaintiffs do not describe the job duties of their positions or the work performed, but they allege "[a]ll of Defendants' salaried workers perform manual labor in support of Defendants' oilfield related rental business." *Id*. ¶ 28. Plaintiffs also assert they were non-exempt employees under FLSA entitled to overtime pay for hours worked in excess of 40 hours in a week, that they were routinely scheduled "for 10 or more hours each work day" and "as many as 7 days in a workweek," and that they did not receive overtime pay. *Id*. ¶¶ 25, 29-30, 32-33. Plaintiffs allege Defendants knew their salaried workers worked more than 40 hours in a week, were non-exempt employees, and were not paid overtime wages required by FLSA.

Plaintiffs claim Defendants violated FLSA, 29 U.S.C. § 207, by failing to pay them "overtime at rates not less than one and one-half times their proper regular rates" and Defendants' conduct constituted a willful FLSA violation. *Id*. ¶¶ 56-57. Plaintiffs make similar allegations on behalf of other salaried employees of Defendants in order to bring a collective action under 29 U.S.C. § 216(b).[5] Plaintiffs seek damages for unpaid overtime compensation, liquidated damages, attorney fees, and costs.

---

[5] Plaintiffs have filed a motion for conditional certification of a class of similarly situated employees. Defendants argue, in part, that Plaintiffs' statements in support of the motion are inconsistent with the Complaint and defeat their FLSA claim. *See* Defs.' Mot. Dismiss [Doc. No. 37], p.9. However, the motion is not part of Plaintiffs' pleading. *See* Fed. R. Civ. P. 7 (distinguishing pleadings from motions).

## Discussion

With certain exceptions, an employer engaged in interstate commerce is required by FLSA to pay an employee "for his employment in excess of [40 hours in a workweek] at a rate not less than one and one-half times the regular rate at which he is employed." *See* 29 U.S.C. § 207(a). Defendants contend the Complaint is deficient because "Plaintiffs have only asserted conclusory allegations that they worked in excess of forty hours in an unknown time period." *See* Defs.' Mot. Dismiss [Doc. No. 37], p.5. Defendants point out that the Complaint lacks "factual allegations regarding the average rate at which [Plaintiffs] were paid, and the amount of overtime wages Plaintiffs believe they are entitled [to]." *Id.*, pp.7-8. Defendants also argue that "Plaintiffs should have set forth the number of hours worked as overtime, and how much the additional pay [such as per diem and mileage] failed to compensate them for hours worked." *Id.*, pp.10-11. Finally, Defendants assert the allegation that Plaintiffs were "delivery drivers" triggers FLSA's overtime wage exemption for employees who are subject to requirements of the Secretary of Transportation establishing qualifications and maximum hours of service under the Motor Carrier Act ("MCA"), 49 U.S.C. § 31502. *See* 29 U.S.C. § 213(b)(1).

Defendants' contention that the Complaint fails to state a plausible FLSA overtime wage claim is not supported by binding precedent but by case law from appellate courts other than the Tenth Circuit. *See* Defs.' Mot. Dismiss [Doc. No. 37], pp. 4-5, 6-7 (citing *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *Landers v. Quality Commc'ns., Inc.*, 771 F.3d

638, 642-43 (9th Cir.), *cert. denied*, 135 S. Ct. 1845 (2015)). In *Landers*, the Ninth Circuit surveyed the standards applied by federal appellate courts and considered the specificity needed to state a plausible overtime wage claim. It found that "[n]o circuit court has interpreted Rule 8 as requiring FLSA plaintiffs to plead in detail the number of hours worked, their wages, or the amount of overtime owed to state a claim for unpaid minimum wages or overtime wages." *Landers*, 771 F.3d at 641-42. The court in *Landers* concluded that "at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty hours during that week." *Id*. at 645-46. In this case, the Court finds Plaintiffs' factual allegations to be sufficient, although barely, to state an FLSA overtime claim.

Regarding the MCA exemption of § 213(b)(1), Defendants contend the Complaint is deficient because it does not show Plaintiffs' employment as "delivery drivers" falls outside MCA's coverage. This contention has a faulty premise. An employer subject to FLSA bears the burden to establish an exemption applies. *See Lederman v. Frontier Fire Prot., Inc.*, 685 F.3d 1151, 1156 (10th Cir. 2012); *see also Deherrera v. Decker Truck Line, Inc.*, No. 15-1220, 2016 WL 1593691, *3 (10th Cir. April 21, 2016) (to be published). While an affirmative defense may be appropriate for consideration in ruling on the sufficiency of a complaint, the facts establishing the defense must be set forth in the complaint. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations [of a complaint], for example, show that relief is barred by the applicable statutes of limitations, the complaint is subject to

dismissal for failure to state a claim . . . ."); *see also Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096-97 (10th Cir. 2009).[6]  Here, the Complaint states only that Plaintiffs worked as delivery drivers; it contains insufficient allegations to show Plaintiffs' positions were covered by the MCA exemption, which applies only to drivers engaged in "interstate commerce" as defined by the Act, implementing regulations, and case law.  *See Foxworthy v. Hiland Dairy Co.*, 997 F.2d 670, 672-73 (10th Cir. 1993); *see also Deherrera*, 2016 WL 1593691 at *4. Therefore, the Court rejects Defendants' contention that the Complaint fails to state an FLSA overtime wage claim due to the possible application of the MCA exemption.

## Conclusion

For these reasons, the Court finds the Complaint is sufficient to state an FLSA claim.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 37] is DENIED, as set forth herein.

IT IS SO ORDERED this 9th day of May, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[6] Where more specific facts might support a dispositive motion, such as a date that would establish a statute of limitations defense, "the preferable procedure . . . is to require the plaintiff to provide a more definite statement under Fed. R. Civ. P. 12(e)." *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010).